# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 18-1688V**
UNPUBLISHED

<table>
<tr><td>

VICTOR GARCIA,

                   Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                   Respondent.

</td><td>

Chief Special Master Corcoran

Filed: September 24, 2020

Special Processing Unit (SPU);
Ruling on Entitlement; Concession;
Causation-In-Fact; Influenza (Flu)
Vaccine; Shoulder Injury Related to
Vaccine Administration (SIRVA);
Chronic Regional Pain Syndrome
(CRPS)

</td></tr>
</table>

*Jerome A. Konkel, Samster, Konkel & Safran, S.C., Milwaukee, WI, for petitioner.*

*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

On November 1, 2018, Victor Garcia filed a petition, which he amended on September 24, 2020, for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). In the September 24, 2020 amended petition, Petitioner alleges that he developed Complex Regional Pain Syndrome ("CRPS") as a result of an influenza ("flu") vaccine received on November 27, 2017. Amended Petition at 1, 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 8, 2020, Respondent filed his Rule 4(c) report in which he states that Petitioner does not meet the Table criteria for a shoulder injury related to vaccine administration ("SIRVA"). Respondent's Rule 4(c) Report at 6. However, Respondent concedes that Petitioner is entitled to compensation in this case for CRPS that was caused in fact by the flu vaccine. *Id.* at 6-7. Specifically, Respondent states that "the facts of this case support a finding that petitioner more likely than not suffered CRPS, that was caused-in-fact by the administration of the flu vaccination on November 27, 2017." *Id.* Respondent further agrees that "the case was timely filed, that petitioner received a vaccine set forth in the Vaccine Injury Table, and that the vaccine was received in the United States. The evidence also demonstrates that petitioner suffered the effects or sequelae of his injury for more than six months after vaccine administration . . . . [and] petitioner's CRPS is compensable as a 'caused-in-fact' injury under the Vaccine Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master